## MARY CURRY v. PETER McKINLY.

**Competency of Witnesses Interested in the Issue—Parties to the Suit.**
  Two witnesses, interested in the issue in a suit, on which they were
  called to testify, showed by their own testimony that they were not the
  immediate warrantors of the soundness of a horse, the possession of
  which was the controversy in the case, but they both testified that they
  "felt that they were interested in the result of the suit," as they would no
  doubt be called upon for retitution in case the suit was decided adversely
  to their respective warrantors. Held, that their interest in the controversy, as disclosed by them, was of such a certain nature as to render
  them incompetent, though it is held in Easley's Exors., v. Easly, 18 B.
  Monroe, 94, that a remote contingent interest in the decision of a suit
  does not render a witness incompetent, but is an objection which goes
  only to his credibility.

APPEAL FROM RUSSELL CIRCUIT COURT.

June 11, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an ordinary suit against the appellant, to recover from
her, an "iron gray mare" claimed by the appellee; and it resulted
in a judgment for the plaintiff, from which this appeal is
prosecuted.

The grounds of the motion for a new trial, which was over-
ruled, called in question the ruling of the court on several points
raised in the progress of the trial, upon which exceptions were
taken to the opinion of the court. Such of these, only as are
deemed material or important, will be considered in this opinion.

Several witnesses were introduced by the plaintiff, who were
objected to as incompetent, on the grounds which were disclosed

by them, on preliminary examination, which showed that each of them was a remote vendor of the plaintiff, as to the mare he claimed, as the same in controversy, having severally sold and delivered her for a valuable consideration, with an implied warranty of the title, which is the same under which the plaintiff claimed. One of these witnesses, George Wallen, testified that "he felt that he was interested in the result of this suit," and if it was dcided adversely to the plaintiff he would be bound to refund the price he had received for the mare, of $125; and another of them, who was the immediate vendor of Wallen, testified that he felt he would be responsible to Wallen, if the case should be decided in favor of the defendant. Were these witnesses disqualified by the interest thus disclosed by them in the result of the action?

A remote contingent interest in the decision of a suit does not render a witness incompetent, but is an objection which goes only to his credibility; (Easly's Exors. vs. Easly 18 B. Monroe 94). But although the witnesses were not parties to the issue, on which they were called to testify, and neither of them was the immediate warrantors of the mare to the plaintiff, it seems to us their interest in the controversy as understood and disclosed by them, was of such a certain nature as to render them incompetent.

By the 6th division of section 670 of the Civil Code, as it has been construed by this court, (Chenowith vs. Fielding 12 Met. 519) persons who are interested in an issue, although not parties to the suit, are incompetent to testify in behalf of themselves; or in other words to testify in favor of a party in whose success in the case, they have a certain interest.

From this view it resulted, that the court erred, in over-ruling the objection to the competency of the witnesses referred to, and in permitting them to testify, notwithstanding the objection.

Wherefore, the judgment is reversed and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

*Garnett & Baker, Barmlette, for appellant.*

*James, Owsley, for appellee.*